# EXHIBIT A

D.C. Courts Home

## Court Cases Online

Case Search for: 2016 CA 009186

Click here to view search criteria

Search retrieved 1 case in less than a second.

All retrieved cases available for view

Click here to view search results

Viewing single case; Details retrieved in less than a second.

Click here to view case summary

| 2016 CA 009186 B: VASQUEZ, VICTOR, et al. Vs. WHOLE FOODS MARKET, INC, et al. | |
|---|---|
| Case Type: Civil II | File Date: 12/20/2016 |
| Status: Open | Status Date: 12/20/2016 |
| Disposition: Undisposed | Disposition Date: |

| Party Name | Party Alias(es) | Party Type | Attorney(s) |
|---|---|---|---|
| VASQUEZ, VICTOR | | Plaintiff | KLAPROTH, BRENDAN JAMES |
| SHEIKH, NADEEM | | Plaintiff | KLAPROTH, BRENDAN JAMES |
| SADOUDI, KATIA | | Plaintiff | KLAPROTH, BRENDAN JAMES |
| BAUTISTA, SVETLANA | | Plaintiff | KLAPROTH, BRENDAN JAMES |
| BA, IBRAHIMA | | Plaintiff | KLAPROTH, BRENDAN JAMES |
| MIANO, NICHOLAS | | Plaintiff | KLAPROTH, BRENDAN JAMES |
| NJIE, PAM | | Plaintiff | KLAPROTH, BRENDAN JAMES |
| AMEGNAGLO, MICHAEL | | Plaintiff | KLAPROTH, BRENDAN JAMES |
| BERGER, DAVID | | Plaintiff | KLAPROTH, BRENDAN JAMES |
| WHOLE FOODS MARKET, INC | | Defendant | |
| WHOLE FOODS MARKET GROUP, INC. | | Defendant | |
| BUCHANAN, BROOKE | | Defendant | |

| Schedule Date | Schedule Time | Description |
|---|---|---|
| 03/24/2017 | 09:30 AM | Initial Scheduling Conference-60 |

| Docket Date | Description | Messages |
|---|---|---|
| 01/17/2017 | Service Issued | Issue Date: 01/17/2017<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>WHOLE FOODS MARKET, INC<br>550 Bowie Street<br>AUSTIN, TX 78703<br>Tracking No: 5000183321<br><br>WHOLE FOODS MARKET GROUP, INC.<br>550 Bowie Street<br>AUSTIN, TX 78703<br>Tracking No: 5000183322<br><br>BUCHANAN, BROOKE<br>550 Bowie Street<br>AUSTIN, TX 78703<br>Tracking No: 5000183323 |
| 01/13/2017 | Proof of Service | Proof of Service<br>Method : Service Issued<br>Issued : 01/17/2017<br>Service : Summons Issued<br>Served : 01/10/2017<br>Return : 01/13/2017<br>On : BUCHANAN, BROOKE<br>Signed By :<br><br>Reason : Proof of Service<br>Comment :<br><br>Tracking #: 5000183323 |

| Docket Date | Description | Messages |
|---|---|---|
| 01/13/2017 | Notice of Acknowledgment of Service Filed | Notice of Acknowledgment of Receipt of Summons, Complaint and Initial Order on BROOKE BUCHANAN (Defendant); |
| 01/13/2017 | Proof of Service | Proof of Service<br>Method : Service Issued<br>Issued : 01/17/2017<br>Service : Summons Issued<br>Served : 01/10/2017<br>Return : 01/13/2017<br>On : WHOLE FOODS MARKET, INC<br>Signed By :<br><br>Reason : Proof of Service<br>Comment :<br><br>Tracking #: 5000183321 |
| 01/13/2017 | Notice of Acknowledgment of Service Filed | Notice of Acknowledgment of Summons, Complaint and Initial Order on WHOLE FOODS MARKET, INC (Defendant); |
| 01/13/2017 | Proof of Service | Proof of Service<br>Method : Service Issued<br>Issued : 01/17/2017<br>Service : Summons Issued<br>Served : 01/10/2017<br>Return : 01/13/2017<br>On : WHOLE FOODS MARKET GROUP, INC.<br>Signed By :<br><br>Reason : Proof of Service<br>Comment :<br><br>Tracking #: 5000183322 |
| 01/13/2017 | Notice of Acknowledgment of Service Filed | Notice of Acknowledgment of Receipf of Summons, Complaint and Initial Order on WHOLE FOODS MARKET GROUP, INC. (Defendant); |
| 12/30/2016 | Judge Caseload Transfer | Judge Caseload Transfer<br>The judge was changed from WELLNER, STEVEN M to WINGO, ELIZABETH . |
| 12/30/2016 | Event Scheduled | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 03/24/2017 Time: 9:30 am<br>Judge: WINGO, ELIZABETH Location: Courtroom B-52 |
| 12/23/2016 | Event Scheduled | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 03/24/2017 Time: 9:30 am<br>Judge: WELLNER, STEVEN M Location: Courtroom B-52 |

| Receipt # | Date | From | Payments | | Fee | | Amount Paid |
|---|---|---|---|---|---|---|---|
| 356198 | 12/23/2016 | KLAPROTH, BRENDAN JAMES | Efile | $120.00 | Cost | $120.00 | $120.00 |

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| VICTOR VASQUEZ<br>2120 Falling Creek Road<br>Silver Spring, MD 20904 | |
| | |
| NADEEM SHEIKH<br>8780 Hidden Knolls Court<br>Springfield, VA 22153 | |
| | |
| KATIA SADOUDI<br>1600 S. Eads Street<br>Apt 431S<br>Arlington, VA 22202 | |
| | |
| SVETLANA BAUTISTA<br>6425 Shannon Court<br>Clarksville, MD 21029 | |
| | |
| IBRAHIMA BA<br>15423 Snowhill Lane<br>Centerville, VA 20120 | Civ. No.:   2016 CA 009186 B |
| | |
| NICHOLAS MIANO<br>10002 Grant Ave<br>Silver Spring, MD 20910 | |
| | |
| PA M. NJIE<br>12053 Winding Creek Way<br>Germantown, MD 20874 | |
| | |
| MICHAEL AMEGNAGLO<br>8583 Daltons Grove Way<br>Bristow, VA 20136 | |
| | |
| DAVID BERGER<br>1901 Becker Lane<br>Charlottesville, VA 22911 | |
| | |
|     Plaintiffs. | |

v.

WHOLE FOODS MARKET, INC.
550 Bowie Street
Austin, TX 78703-4644

    Serve:   C T CORPORATION SYSTEM
             1999 Bryan St., Ste. 900
             Dallas, TX 75201

WHOLE FOODS MARKET GROUP, INC.
550 Bowie Street
Austin, TX 78703-4644

    Serve:   C T CORPORATION SYSTEM
             1015 15th Street NW
             Suite 1000
             Washington, DC 20037

BROOKE BUCHANAN
550 Bowie Street
Austin, TX 78703-4644

ABC CORPORATIONS 1-10 (*being the fictitious names of businesses who are not presently known to Plaintiffs*),

    Defendants.

## COMPLAINT AND JURY DEMAND

    Plaintiffs Victor Vasquez, Nadeem Sheikh, Katia Sadoudi, Svetlana Bautista, Ibrahima Ba, Nicholas Miano, Pa M. Njie, Michael Amegnagnlo, and David Berger allege for their Complaint herein:

### PRELIMINARY STATEMENT

    1.    Whole Foods, which touts itself as an employee friendly corporation, engaged in a nationwide practice to subvert earned employee bonuses.   When confronted with the systemic

2

wage theft, Whole Foods attempted to cover up the corporate fraud and wage theft by terminating the nine whistleblower Plaintiffs.

2.        Accordingly, this is a whistleblower action in relation to a nation-wide, corporate practice throughout Whole Foods stores that deprived employees of earned bonuses under the Whole Foods' "Gainsharing" program.  Specifically, Plaintiffs blew the whistle on the corporate practice of Whole Foods Market, Inc. and Whole Foods Market Group, Inc. (collectively "Whole Foods") referred to as "shifting labor costs" that effectively stole the earned bonuses for countless employees across the country.

3.         Faced with a litany of potential litigation and significant liability after it had come to light that Whole Foods had been manipulating employee bonuses, Whole Foods needed proverbial fall guys.  Consequently, Whole Foods undertook a sham internal investigation. During that investigation, Plaintiffs refused to adopt the company talking points that the practice of "shifting labor costs" was "isolated" to a few specific stores.  Instead, Plaintiffs stated that "shifting labor costs" was the corporate practice that had been implemented across Whole Foods stores.  Plaintiffs further alerted Whole Foods that they had been explicitly instructed by corporate officials to "shift labor costs."

4.        In an effort to silence Plaintiffs and their reporting of the corporate-wide practice of "shifting labor costs," Whole Foods retaliated against Plaintiffs by wrongfully terminating all nine of them.

5.        Whole Foods' retaliation against the nine Plaintiff whistleblowers did not stop at termination though.  Faced with a potential public relations crisis and litigation, Whole Foods immediately issued statements to the national news media defaming Plaintiffs.   In those statements, Whole Foods stated that Plaintiffs "were stealing money from employees." This is

3

false.  Whole Foods stated that Plaintiffs were "fired for manipulating a store bonus program."

This is false.  Whole Foods published, "We took swift action, but relative to the rest of the

company, this manipulation only happened in nine of our locations." This is false.  The practice

of shifting labor costs is a corporate-wide practice.  In defaming Plaintiffs, Whole Foods

revealed their motivation in doing so when it stated, "the amounts involved, though, will not be

material to the company's quarterly earnings."  This is false.  Motivated by the impact that

litigation related to the "shifting of labor costs" would have on its earnings reports, Whole Foods

attempted to stanch the bleeding by scapegoating the nine Plaintiffs and improperly accusing

them of wrongdoing.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this claim pursuant to D.C. Code § 11-921(a)(6).

7.  This Court has personal jurisdiction over the Defendants pursuant to D.C. Code §

13-423(a)(1)-(4).

8.  Venue is proper in this Court as the acts and/or omissions alleged in this

Complaint occurred in the District of Columbia.  Moreover, the Defendants are found in, reside,

or transact business in the District of Columbia.  Venue is also proper as Plaintiffs' claims

involve one or more common questions of fact that arise from Defendants' conduct occurring in

the Washington, D.C. metropolitan area.

## PARTIES AND RELEVANT PERSONS

9.  Plaintiff Victor Vasquez is an individual residing in the state of Maryland.  Mr.

Vasquez was employed by Whole Foods from November 1995 to December 2016 at the Whole

Foods store located at 1440 P Street NW, Washington, DC 20005.  Mr. Vasquez was employed

by Whole Foods as the Store Team Leader for the store located at 1440 P Street NW,

4

Washington, DC 20005 from January 2004 to December 2016.  At all times that Mr. Vasquez worked for Whole Foods, it was the corporate practice to "shift labor costs" as part of the "Gainsharing" program.

10.     Plaintiff Nadeem Sheikh is an individual residing in the Commonwealth of Virginia.  Mr. Sheikh was employed by Whole Foods from 2004 to December 2016.  Mr. Sheikh was employed as the Store Team Leader for the Whole Foods store located at 11660 Plaza America Drive, Reston, VA 20190.  Mr. Sheikh also worked for the Whole Foods stores located at Washington, D.C. (Georgetown); Reston, VA; Rockville, MD; Springfield, VA; and Washington, D.C. (P Street). At all times that Mr. Sheikh worked for Whole Foods, it was the corporate practice to "shift labor costs" as part of the "Gainsharing" program.

11.     Plaintiff Katia Sadoudi is an individual residing in the Commonwealth of Virginia.  Ms. Sadoudi was employed by Whole Food from September 2000 until December 2016.  Ms. Sadoudi was employed as a Store Team Leader at the Whole Foods store located 143 Maple Ave East, Vienna, VA 22180 from January 2016 until December 2016.  Ms. Sadoudi was employed as the Associate Store Team Leader from 2013 until February 2015 at the store located at 1440 P Street NW, Washington, DC 20005, and as the Associate Store Team Leader for the store located in Arlington, VA.  In addition, during her tenure, Ms. Sadoudi worked at the Whole Foods store located at 2323 Wisconsin Ave NW, Washington, DC, 101 S. Coit Rd., Suite 60, Richardson, TX 75080 and the store located at 2201 Eye Street NW, Washington, DC 20037.  At all times that Ms. Sadoudi worked for Whole Foods it was the corporate practice to "shift labor costs" as part of the "Gainsharing" program.

12.     Svetlana Bautista is an individual residing in the State of Maryland. Ms. Bautista was employed by Whole Foods from January 2001 until December 2016.  Ms. Bautista was

5

employed as a Store Team Leader for the Whole Foods store located at 10275 Little Patuxent Pkwy,  Columbia, MD 21044 from August 2014 until December 2016.  Ms. Bautista also worked at Whole Foods stores in Alexandria, Virginia; Mason, Ohio; Cincinnati, Ohio; Columbus; Ohio; Cleveland, Ohio; and multiple stores in Portland Oregon.  At all times that Ms. Bautista worked for Whole Foods it was the corporate practice to "shift labor costs" as part of the "Gainsharing" program.

13.     Plaintiff Ibrahima Ba is an individual residing in the Commonwealth of Virginia. Mr. Ba was employed by Whole Foods from April 2002 until December 2016.  Mr. Ba was employed as a Store Team Leader for the Whole Foods store located at 2700 Wilson Blvd, Arlington, VA 22201 from May 2016 until December 2016.  Mr. Ba also worked at the Whole Foods store in Chevy Chase, Maryland; Fairfax, Virginia; and Alexandria, Virginia. At all times that Mr. Ba worked for Whole Foods it was the corporate practice to "shift labor costs" as part of the "Gainsharing" program.

14.     Plaintiff Nicholas Miano is an individual residing in the State of Maryland.  Mr. Miano was employed by Whole Foods from October 2001 until December 2016.  Mr. Miano was employed as the Store Team Leader for the Whole Foods store located at 5269 River Road, Bethesda, MD from April 2014 to October 2015 and as the Store Team Leader for store located at 1700 Duke Street, Alexandria, Virginia 22314 from October 2015 until December 2016.  Mr. Miano worked as the Associate Store Team Leader from May 2011 through April 2014, and as the Grocery Team Leader from February 2009 until May 2011.  Mr. Miano also worked at the Whole Foods stores located at 316 Kentlands Blvd Gaithersburg, MD 20878-5454; the store located at 5269 River Rd, Bethesda, MD 20816; the store located at 1440 P Street NW, Washington, DC 20005; and the store located at 2323 Wisconsin Ave NW, Washington, DC

6

20007.  At all times that Mr. Miano worked for Whole Foods, it was the corporate practice to "shift labor costs" as part of the "Gainsharing" program.

15.     Plaintiff M. Njie is an individual residing in the State of Maryland. Mr. Njie was employed by Whole Foods from March 1993 until December 2016.  Mr. Njie was employed as the Store Team Leader for the Whole Foods store located at 316 Kentlands Blvd Gaithersburg, MD 20878-5454 from June 2015 until December 2016, and as Store Team Leader for the Tyson Corner, VA from May 2014 until June 2015.  Mr. Njie also worked the Whole Foods Stores located at Tenley Town, MD; Silver Spring, MD; Tyson Corner, VA; Rockville, MD; Seattle, WA; Devon, PA; and North Wales, PA.   At all times that Mr. Njie worked for Whole Foods, it was the corporate practice "shift labor costs" as part of the "Gainsharing" program.

16.     Plaintiff Michael Ameganglo is an individual residing in the Commonwealth of Virginia. Mr. Amegnaglo was employed by Whole Foods from May 1991 until December 2016. Mr. Amegnaglo was employed as the Store Team Leader for the Whole Foods stores located at 520 12th St. South, Suite 100 Arlington, VA 22202 from May 2016 until December 2016, and as the Store Team Leader for Whole Foods store located at 2700 Wilson Blvd, Arlington, VA 22201 from April 2011 until May 2016.  During his career, Mr. Amegnaglo also worked in stores located in Bethesda, Maryland; Durham, North Carolina; Tyson Corner, Virginia; Alexandria, Virginia; and Springfield, Virginia.  At all times that Mr. Amegnaglo worked for Whole Foods, it was the corporate practice to "shift labor costs" as part of the "Gainsharing" program.

17.     Plaintiff David Berger is an individual residing in the Commonwealth of Virginia. Mr. Berger was employed by Whole Foods February 2007 to December 2016.  Mr. Berger was employed as the Store Team Leader for the Whole Foods store located at 1797 Hydraulic Road, Charlottesville, VA 22901 from October 2015 until December 2016. Mr. Berger also worked the

7

Whole Foods stores located at 6550 E. Pacific Coast Highway, Long Beach, CA 90803; the store located at 2847 Park Avenue, Tustin, CA 92782; the store located at 7111 E. Mayo Blvd., Phoenix, AZ 85054; the store located at 2955 West Ray Road, Chandler, AZ 85224; and the Southern Pacific Regional Office.   At all times that Mr. Berger worked for Whole Foods, it was the corporate practice to "shift labor costs" as part of the "Gainsharing" program.

18.     Defendant Whole Foods Market, Inc. is a for profit corporation formed and organized under the laws of the State of Texas with its principal place of business located at 550 Bowie Street, Austin, TX 78703.  Defendant Whole Foods Market, Inc. owns and operates approximately 466 grocery stores in North America.  At all times relevant, Defendant Whole Foods Market, Inc. conducted substantial business activities in the District of Columbia by operating several grocery stores in the District of Columbia.  At all times relevant, Defendant Whole Foods Market, Inc. employed Plaintiffs in the position of Store Team Leaders in various stores located in the Washington, D.C. metropolitan area.  Upon information and belief, at all times relevant, Defendant Whole Foods Market, Inc. operated as part of a joint venture with Defendant Whole Foods Market Group, Inc. with the common purpose of maximizing profits. Each entity had an equal right to control the manner in which the joint venture operated.  In addition, at all times relevant, Defendant Whole Foods Market Group, Inc. was the actual and/or apparent agent for the Whole Foods Market, Inc.

19.     Defendant Whole Foods Market Group, Inc. is a for profit corporation formed and organized under the law of Delaware with its principal place of business located at 550 Bowie Street, Austin, TX 78703.  Defendant Whole Foods Market Group, Inc. owns and operates approximately 466 grocery stores in North America. At all times relevant, Defendant Whole Foods Market Group, Inc. conducted substantial business activities in the District of Columbia

8

by operating several grocery stores in the District of Columbia. At all times relevant, Defendant Whole Foods Market Group, Inc. employed Plaintiffs in the position of Store Team Leaders in various stores located in the Washington, D.C. metropolitan area. Upon information and belief, Defendant Whole Foods Market Group, Inc. is a 100% wholly owned subsidiary of Defendant Whole Foods Market, Inc.

20.     Defendant Brooke Buchanan is an individual who, upon information and belief, resides in the State of Texas.  Ms. Buchanan is the corporate, spokeswoman for Whole Foods.  At all times relevant, Ms. Buchanan acted in the scope of her employment with Whole Foods, and for the benefit of Whole Foods.

21.     Defendants in this matter are jointly and severally liable to Plaintiffs for the harms and losses sustained by Plaintiff.

## FACTS COMMON TO ALL COUNTS

**Plaintiffs Were Exemplary Employees**

22.     Each Plaintiff worked as a Store Team Leader for a Whole Foods store in the Washington, D.C. Metropolitan area until December 2016.   A Store Team Leader is the highest level of leadership at each store location.

23.     Plaintiffs spent the majority of their working lives as employees of Whole Foods. For example, Mr. Njie had been employed with Whole Foods for over 23 years.  Mr. Amegnaglo had been employed with Whole Foods for over 25 years (16 of those years as a Store Team Leader). Mr. Vasquez had been employed by Whole Foods for over 21 years.  Plaintiffs collectively have 150 years of experience working at Whole Foods in numerous store locations across the country.

9

24.     Each Plaintiff began his or her career with Whole Foods in an entry level position. Dedicated workers, with exemplary personnel records, each Plaintiff gradually obtained the promotion to Store Team Leader.

25.     Whole Foods routinely recognized Plaintiffs as the top performing Store Team Leaders. In 2016, Whole Foods awarded Mr. Njie's Gaithersburg store the "all-star store for the Mid-Atlantic Region."  Whole Foods also designated Mr. Njie's store as the "Standard Operating Store," which is a recognition given to select stores as a model to train other Store Team Leaders throughout the entire corporation of the best corporate practices.

**Whole Foods Retaliates Against Plaintiffs for Blowing the Whistle on the "Gainsharing" Program**

26.     At all times relevant, Whole Foods has had a corporate "Gainsharing" bonus program implemented throughout every store.   Under the "Gainsharing" program, Whole Foods awards bonuses to employees whose departments come in under budget for the department.   In short, the "Gainsharing" program incentivizes employees to increase department productivity and increase department revenue.  If a department comes in under budget, the surplus is distributed among the employees in that department as a bonus.

27.     Undermining the "Gainsharing" program, however, was a nation-wide corporate practice of "shifting labor costs."  Under the corporate practice of "shifting labor costs," if one department failed to operate within its budget, the store leadership were directed to shift the labor costs of the underperforming department to the overperforming department that had money left over in its budget. Consequently, the bonuses earned by that overperforming department would be reduced by the costs it absorbed from the other departments.  For example, assume the produce department and meat department in a hypothetical store each had a budget of $100,000 per month.  Also assume that the meat department underperformed with costs of $120,000 per

10

KLAPROTH LAW PLLC
406 5TH STREET NW, #350, WASHINGTON, DC 20001
www.klaprothlaw.com

month and the produce department overperformed with costs of $80,000 per month.  Under the "Gainsharing program," the $20,000 surplus should be distributed to the employees in the produce department as a bonus.   In this example, however, under the unlawful, corporate practice of "shifting labor costs," the $20,000 of excess costs incurred by the meat department would be transferred to the produce department by shifting the labor costs of the meat department to the produce department.  As a result, the employees in the produce department would not receive the bonus they had earned because their department would no longer come in under budget with the additional shifted labor costs.

28.     The corporate practice of shifting labor costs was a practice imposed by the Whole Foods corporate leadership in its stores as part of the "one team, one store" policy with the goal to pad company profits by stealing bonuses earned by employees.   The practice of "shifting labor costs" was used to maximize corporate profits for each of the stores.

29.     In addition, Whole Foods avoided paying bonuses under the "Gainsharing" program through the implementation of "Fast Teams." "Fast Teams" were designed to allow employees to float in between departments to "help out as needed."  Whole Foods emphasized that the purpose of the Fast Teams was "shared fate" among all employees and that "the 'one store' concept is the key to improving the service levels for all."   In actuality, the "Fast Teams" system undermined the "Gainsharing" program because labor costs were shifted among departments without any accounting for the shifting of labor.  Consequently, due to the "Fast Teams" system, labor costs were not accurately recorded for purposes of administering bonuses under the "Gainsharing" program.

30.     Upon information and belief, in or about October 2016, a complaint was received by Whole Foods on a tip line from an employee. The employee complained that he/she was not

11

receiving the bonus he/she earned under the "Gainsharing" program because of the "shifting of labor costs" from one department to his/her department.  The tip was received in relation to a store located in the Mid-Atlantic region.

31.     In early November 2016, each one of the Plaintiffs were called into meetings with corporate officials from Whole Foods. Whole Foods was investigating the complaint received by the employee with respect to bonuses under the "Gainsharing" program. The goal of the investigation, however, was to concoct support for Whole Foods' pre-determined outcome that the "shifting of labor costs" was limited to the store complained about.

32.     During those meetings, however, Plaintiffs stated that "shifting labor costs" is a standard practice that exists in throughout Whole Foods stores. The "shifting of labor costs" was encouraged as part of the "one team, one store" policy implemented in Whole Foods stores.  In fact, the data for the "Gainsharing" program for each store was transmitted by each store's Payroll/Benefits Specialist—an employee who reports directly to the corporate regional office, as well as the store team leader.

33.     During his meeting, Mr. Berger, who has worked in Whole Foods stores across the country, stated the practice of "shifting labor costs" occurred in other regions of the country. Indeed, several plaintiffs even received explicit instructions from corporate officials to shift labor costs. Immediately following those meetings with corporate officials, Plaintiffs were placed on administrative leave.

34.     On November 30, 2016, Whole Foods instructed Plaintiffs to attend a meeting at the regional office on December 1, 2016.  During the December 1, 2016 meeting, Plaintiffs were placed together in conference room. One-by-one, each Plaintiff was then called into a meeting with regional president Scott Allshouse, vice-president Nicole Wescoe, and executive

KLAPROTH LAW PLLC
406 5TH STREET NW, #350, WASHINGTON, DC 20001
www.klaprothlaw.com

coordinator of HR David Gearhart. Successively, each Plaintiff was terminated for "shifting labor costs." The Whole Foods' corporate officials rejected any evidence or statement from Plaintiffs that any labor that had been shifted was done either at the direction of Whole Foods, or at a minimum with the acquiescence of Whole Foods. Each Plaintiff was given a separate form that stated the reason for termination was "falsification of documents."

**Whole Foods Defames Plaintiffs and Covers Up the Corporate Manipulation of the Bonus Program**

35.     On or about December 13, 2016, Whole Foods published defamatory statements to the Associated Press by stating that "it fired nine store managers in the mid-Atlantic region for manipulating a bonus program to their benefit." Whole Foods stated that it "found that nine managers at stores in Maryland, Virginia, and the District of Columbia engaged in a policy infraction that allowed the managers to benefit from a profit-sharing program at the expense of store employees." Whole Foods further stated that it "is still investigating exactly how much money is involved and plans to ensure that employees at the affected stores are compensated properly. The amounts involved, though, will not be material to the company's quarterly earnings." The statements in the Associated Press story were attributed to Brooke Buchanan, a spokeswoman for Whole Foods. The Associated Press story was reprinted in numerous nation-wide news publications.

36.     On December 13, 2016, ABC aired a news story based on Whole Foods false statements to the press which stated, "Whole Foods Fires 9 Store Managers Who Were Stealing Money From Employees." That ABC story falsely stated that "Whole Foods has fired nine store managers who were using a bonus program to their benefit…the managers were benefiting from a profit sharing program at the expense of employees…."

KLAPROTH LAW PLLC
406 5TH STREET NW, #350, WASHINGTON, DC 20001
www.klaprothlaw.com

37.     On or about December 15, 2016, Whole Foods published additional defamatory statements to the Washington Post with respect to Plaintiffs' involvement in the "Gainsharing" program.  In the Washington Post article, Whole Foods stated that the "manipulation" of the "Gainsharing" program was "isolated to a relatively small number of its 457 stores."  Speaking on behalf of Whole Foods, Ms. Brooke Buchanan stated, "We took swift action, but, relative to the rest of the company, this manipulation only happened in nine of our locations."

## COUNT I
## WRONGFUL TERMINATION
## RETALIATION FOR BLOWING THE WHISTLE

38.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

39.     Plaintiffs were terminated in violation of the public policy exception to at-will employment when they were retaliated against for reporting to Whole Foods that it was a corporate-wide practice to "shift labor costs" as part of the "Gainsharing" program.

40.     Whole Foods investigation into the "Gainsharing" program was a sham investigation. The investigation was not focused on unearthing wage theft committed by the corporation. Instead, the goal of the investigation was to limit the corporation's liability for wage theft to a few limited stores and to identify Store Team Leaders that it could scapegoat with the blame for the corporation's manipulation of the "Gainsharing" bonus program.

41.     During the course of its investigation, it became evident to Whole Foods that it could not conceal the corporate-wide practice of shifting labor costs without purging Plaintiffs from the organization.  Specifically, during the investigation into the "Gainsharing" program, Plaintiffs insisted that "shifting labor costs" was the standard practice among Whole Foods stores, and that Whole Foods knew this.  Moreover, when confronted with evidence that Whole

14

Foods' corporate officials had been directing Plaintiffs to "shift labor costs," Whole Foods simply replied, "we have the email."

42. Whole Foods violated the public policy exception to the at-will employment doctrine by terminating Plaintiffs in retaliation for reporting a matter of public concern and for reporting that Whole Foods violation of wage laws was widespread.

43. Whole Foods' retaliation continued even after terminating Plaintiffs. Indeed, in a blatant attempt to scapegoat the Plaintiffs and discredit them, Defendants falsely reported to national news outlets that "nine store managers who were using a bonus program to their benefit…the managers were benefiting from a profit sharing program at the expense of employees." In addition, according to a news story from ABC, Whole Foods falsely stated that it "Fire[ed] 9 Store Managers Who Were Stealing Money From Employees." This false report was an effort to blacklist Plaintiffs and retaliate against them.

44. As a result of Defendant's wrongful termination and retaliation, Plaintiffs suffered severe damages.

45. WHEREFORE, Plaintiffs pray for relief in the form of a judgment against Defendants, jointly and severally, by awarding Plaintiffs compensatory damages; punitive damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other relief the Court deems proper.

## COUNT II
## WRONGFUL TERMINATION
## BREACH OF CONTRACT AND BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

46. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

47. At all times relevant, Whole Foods had an employee handbook.

15

48.     Under the Whole Foods' employee handbook, there are procedures that Whole Foods is obligated to follow prior to taking corrective action against an employee.  Specifically, the "corrective action process" is a 12-month process that includes the following steps prior to termination: (1) counseling statements; (2) written warnings; (3) final written warning; and (4) discharge.  Only "major infractions" may lead to immediate discharge.

49.     The pre-termination conditions set forth in Whole Foods' employee handbook created an express and/or implied contract between Whole Foods and its employees, including Plaintiffs.

50.     Whole Foods breached the pre-termination conditions in the employee handbook by falsely accusing Plaintiffs of the "major infraction" of "falsifying reports or records."

51.     Whole Foods breached the pre-termination conditions in the employee handbook by failing to engage in the "corrective action process"

52.     Whole Foods' stated reason for terminating Plaintiffs was pretext.  Whole Foods' actual motivation in falsely accusing Plaintiffs of "falsifying documents" was to establish a basis for immediate discharge under the terms of the employee handbook in its efforts to retaliate against Plaintiffs for blowing the whistle.  Plaintiffs did not falsify any documents.

53.     By falsely accusing Plaintiffs of "falsifying documents" without any basis for such a claim, Defendants breached their implied duty of good faith and fair dealing.

54.     As a result of Whole Foods' breach of contract and wrongful termination, Plaintiffs suffered significant damages.

55.     WHEREFORE, Plaintiffs pray for relief in the form of a judgment against Defendants, jointly and severally, by awarding Plaintiffs compensatory damages; punitive damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other

KLAPROTH LAW PLLC
406 5TH STREET NW, #350, WASHINGTON, DC 20001
www.klaprothlaw.com

relief the Court deems proper.

## COUNT III
## DEFAMATION
(All Defendants)

56.     Plaintiffs reallege and incorporate by reference the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

57.     Defendants published the following false statements to a third party:

a.     "[Whole Foods] fired nine store managers in the mid-Atlantic region for
manipulating a bonus program to their benefit."

b.     "nine managers at stores in Maryland, Virginia, and the District of Columbia
engaged in a policy infraction that allowed the managers to benefit from a
profit-sharing program at the expense of store employees."

c.     "[Whole Foods] is still investigating exactly how much money is involved
and plans to ensure that employees at the affected stores are compensated
properly. The amounts involved, though, will not be material to the company's
quarterly earnings."

d.     The statements in the Associated Press story were attributed to Brooke
Buchanan, a spokeswoman for Whole Foods.  The Associated Press story was
reprinted in numerous nation-wide news publications.

e.     "Whole Foods Fires 9 Store Managers Who Were Stealing Money From
Employees."

f.     "Whole Foods has fired nine store managers who were using a bonus program
to their benefit…the managers were benefiting from a profit sharing program
at the expense of employees…."

g.     Whole Foods stated that the "manipulation" of the "Gainsharing" program
was "isolated to a relatively small number of its 457 stores."

h.     "[Whole Foods] took swift action, but, relative to the rest of the company, this
manipulation only happened in nine of our locations."

58.     Upon information and belief, the statements identified in paragraph 57 were

published by Brooke Buchanan, who was at all times relevant, acting as an agent of Whole

Foods and on behalf of Whole Foods.  Similarly, at all times relevant, Ms. Buchanan was acting

17

within the scope of her employment as a spokeswoman for Whole Foods and for the benefit of Whole Foods.

59.     The statements identified in paragraph 57 were false and defamatory, and published without a privilege. In addition, the defamatory statements constitute defamation per se by accusing Plaintiffs of committing a crime and by injuring Plaintiffs in their profession and employment.

60.     Defendants acted with malice by publishing the defamatory statement because Defendants had actual knowledge of the falsity of the statements and/or published the statements with a reckless disregard for the truth. Defendants' publication of defamatory statements that Defendants knew to be false, is egregious, grossly negligent, reckless conduct meant to benefit Defendants at the expense of Plaintiff. This conduct demonstrates a willful disregard for Plaintiffs' rights and demonstrates an intent to injure, which warrants punitive damages.

61.     As a result of the defamatory statements published by Whole Foods, Plaintiffs have suffered significant injuries.

62.     WHEREFORE, Plaintiffs pray for relief in the form of a judgment against Defendants, jointly and severally, by awarding Plaintiffs compensatory damages; punitive damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other relief the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, each Plaintiff individually prays for relief in the form of a judgment against all Defendants, jointly and severally, for compensatory damages in the amount $5,000,000; punitive damages in the amount of $20,000,000; equitable relief; pre- and post-judgment interest; costs; attorney's fees; and any other relief the Court deems proper and just.

18

## JURY AND TRIAL DEMAND

Plaintiffs hereby demand a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

_____/s/ Brendan Klaproth_____
Brendan Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiffs*

19

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

Victor Vasquez, et al

Case Number: __2016 CA 009186 B__

vs

Date: __12/20/2016__

Whole Foods Market, Inc., et al

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* Brendan J. Klaproth | Relationship to Lawsuit |
| Firm Name: Klaproth Law PLLC | ☒ Attorney for Plaintiff |
| Telephone No.:     Six digit Unified Bar No.: | ☐ Self (Pro Se) |
| 202-618-2344      DC Bar  No. 999360 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury

Demand: $ __25,000,000.00__     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____ Judge: _____ Calendar #:_____

Case No.:_____ Judge: _____ Calendar#:_____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

| | | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property | Over $25,000 Pltf. Grants Consent | Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees | Under $25,000 Pltf. Grants Consent | Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration | |
| | Award (Collection Cases Only) | |

---

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

---

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 19 Wrongful Eviction |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 20 Friendly Suit |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 21 Asbestos |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, | ☐ 22 Toxic/Mass Torts |
| ☐ 08 Fraud | Not Malpractice) | ☐ 23 Tobacco |
| | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE          IF USED

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10  Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [x] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

## D.  REAL PROPERTY

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

12/20/2016
_____
Date



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Victor Vasquez, et al
_____
_____ Plaintiff

vs.                                                    Case Number  **2016 CA 009186 B**

Whole Foods Market, Inc.
_____
_____ Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brendan Klaproth, Klaproth Law PLLC
_____
Name of Plaintiff's Attorney

406 5th Street NW, Suite 350                    By _____
_____
Address                                                        Deputy Clerk
 Washington, DC 20001

    202-618-2344                                      Date  **12/23/2016**
_____
Telephone

*Clerk of the Court*

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የኣማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





### TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

Victor Vasquez, et al
_____
                                   Demandante

      contra

Whole Foods Market, Inc.                   Número de Caso: _____
_____
                                  Demandado

### CITATORIO

Al susodicho Demandado:

     Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

     A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan Klaproth, Klaproth Law PLLC           _SECRETARIO DEL TRIBUNAL_
_____
Nombre del abogado del Demandante

406 5th Street NW, Suite 350
_____    Por: _____
Dirección  Washington, DC 20001                     Subsecretario
_____

    202-618-2344                     Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

     IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

     Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Victor Vasquez, et al
_____
Plaintiff

vs.                                           Case Number   **2016 CA 009186 B**

Whole Foods Market Group, Inc.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brendan Klaproth, Klaproth Law PLLC
_____
Name of Plaintiff's Attorney

406 5th Street NW, Suite 350
_____
Address
 Washington, DC 20001
_____

        202-618-2344
_____
Telephone

*Clerk of the Court*

By _____
                    Deputy Clerk

Date   **12/23/2016**
_____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

Victor Vasquez, et al
_____
                                    Demandante

        contra

                                                    Número de Caso: _____
Whole Foods Market Group, Inc.
_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan Klaproth, Klaproth Law PLLC                        *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

406 5th Street NW, Suite 350
_____          Por: _____
Dirección  Washington, DC 20001                                        Subsecretario
_____

        202-618-2344
_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

        Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Victor Vasquez, et al
_____
Plaintiff

vs.                                                    Case Number   **2016 CA 009186 B**

Brooke Buchanan
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brendan Klaproth, Klaproth Law PLLC
_____
Name of Plaintiff's Attorney

406 5th Street NW, Suite 350
_____
Address
       Washington, DC 20001
_____
       202-618-2344
_____
Telephone

*Clerk of the Court*

By _____
                    Deputy Clerk

Date   **12/23/2016**

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

Victor Vasquez, et al
_____
                                    Demandante

    contra
                                                        Número de Caso: _____
_____
    Brooke Buchanan
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan Klaproth, Klaproth Law PLLC                     *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

406 5th Street NW, Suite 350                     Por: _____
_____
Dirección Washington, DC 20001                                    Subsecretario
_____

202-618-2344                                    Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     ሶማሊያኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

VICTOR VASQUEZ et al

Vs.                                                  C.A. No.          2016 CA 009186 B

WHOLE FOODS MARKET, INC et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order.  As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to:  Judge STEVEN M WELLNER
Date:  December 23, 2016
Initial Conference: 9:30 am, Friday, March 24, 2017
Location:   Courtroom B-52
                510 4th Street, NW
                WASHINGTON, DC  20001                                          Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."  D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code§ 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

Caio.doc



Form CA 1-A: Notice and Acknowledgment for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Victor Vasquez, *et al*
_____
*Plaintiff(s)*

v.                                                    Case No: _____2016 CA 009186 B_____

Whole Foods Market, Inc, *et al*
_____
*Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
Brooke Buchanan
550 Bowie Street
Austin, TX 78703
_____

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 01/03/17

_____                        12/30/2016
*Signature*                                  _____
                                             *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) David E. Sellinger   received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): Greenberg Traurig 2101 L St., N.W., Ste. 1000 Washington, D.C. 20037

_____       ___attorney___        _4/10/17_
*Signature*                 *Relationship to Defendant/Authority*   *Date of Signature*
                            *to Receive Service*

Form CA 1-A: Notice and Acknowledgment for Service by Mail



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Victor Vasquez, *et al*
_____
*Plaintiff(s)*

v.                                          Case No: _____ 2016 CA 009186 B _____

Whole Foods Market, Inc, *et al*
_____
*Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
Whole Foods Market, Inc
550 Bowie Street
Austin, TX 78703

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) 01/03/2017

_____              _____ 12/30/2016 _____
*Signature*                                            *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) David E. Sellinger, attorney received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): Grunberg Traurig
2101 L St, N.W., Ste. 1000
Washington, D.C. 20037

_____      _____ attorney _____      _____ 1/10/17 _____
*Signature*                          *Relationship to Defendant/Authority*      *Date of Signature*
                                     *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828       如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ       번역을 원하시면, (202) 879-4828 로 전화주십시오

Form CA 1-A: Notice and Acknowledgment for Service by Mail



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Victor Vasquez, *et al*
_____
                    *Plaintiff(s)*

        v.                                     Case No:   2016 CA 009186 B
                                                        _____
Whole Foods Market, Inc, *et al*
_____
                    *Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
    Whole Foods Market Group, Inc
    _____
    550 Bowie Street
    _____
    Austin, TX 78703
    _____

    The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 1/03/2017

_____                    12/30/2016
*Signature*                                  _____
                                             *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

    I (print name) David E. Sellinger, attorney received a copy of the summons, complaint and initial order in the above captioned matter at (insert address):  Greenberg Traurig
                                                      2101 L St., N.W., Ste. 1000
                                                      Washington, D.C. 20037

_____      _____      1/10/17
*Signature*                    *Relationship to Defendant/Authority*   *Date of Signature*
                               *to Receive Service*   attorney

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ          번역을 원하시면, (202) 879-4828 로 전화주십시요