# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VICTOR VASQUEZ, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>WHOLE FOODS MARKET SERVICES, INC., WHOLE FOODS MARKET GROUP, INC.,<br><br>     Defendants. | Case No. 1:17-cv-00112-APM |

## TWELFTH JOINT STATUS REPORT

In accordance with the Court's Scheduling Order, the parties jointly submit the following Twelfth Joint Status Report.  A Status Conference is set for Tuesday, May 18, 2021 at 11:00 AM. The Parties provide the below summary of issues raised at the last status conference.

**1.     The Parties have fully briefed two discovery disputes.**

Per the Parties' agreed briefing schedule, the Parties have each submitted opening briefs and response briefs on two separate discovery disputes.  First, the Parties in this case and *Molock* have fully briefed the issue of the extent to which statements, inferences, or arguments can or cannot be raised regarding Timekeeper Transaction Forms (TTFs) that have not been located.  *See* [Dkts. 113–14, 119–20].  Second, the Parties in this case have fully briefed Plaintiffs Motion to Compel production of documents relating to Whole Foods' attorneys' fees.  *See* [Dkts. 111–12, 118, 121].  Those issues are now ripe for Court's consideration.

*ACTIVE 57567133v9*

2.      **The Parties will be briefing one additional discovery dispute.**

The Parties are scheduled to complete briefing on one additional discovery dispute. To summarize, Plaintiffs are seeking the production of all withheld documents and communications that were created prior to, and/or occurred prior to, the publication of the Washington Post or Associated Press articles on the grounds that these communications are at-issue in this case and any asserted privilege has been waived by Whole Foods. Plaintiffs are also seeking the production of communications between Brooke Buchanan and non-lawyers that have been withheld.  Each party will file opening briefs by May 24 and file their respective response briefs by June 8.  *See* Order Extending Briefing Deadlines [Dkt. 124] at 1.

3.      **Whole Foods' request for extension to conduct third-party discovery to Washington Post and Associated Press.**

Whole Foods seeks to take the depositions of the reporters from the Associated Press and the Washington Post. Plaintiffs have no objection to Whole Foods taking these depositions and will cooperate with Whole Foods to complete the taking of these depositions. With the prior briefing schedule relating to other discovery disputes, the Parties have not had an opportunity to confer about proceeding with these depositions.  The Parties will meet and confer this week, with a target of Whole Foods serving deposition subpoenas in May; negotiating with the two news organizations and briefing, to the extent necessary, any issues relating to those depositions in June; and taking the depositions by the end of June unless the Court rules that the depositions cannot be taken.

Whole Foods requests a thirty-day extension of discovery, up to and including July 5, 20201, solely for the purposes of completing this discovery from the Washington Post

2

and Associated Press.  Plaintiffs consent to this requested extension. Because this discovery does not implicate expert discovery relating to liability, the Parties do not request an extension of the current deadline to submit a proposed schedule for that expert discovery. *See* Eighth Revised Scheduling Order [Dkt. 117] at 2 (ordering parties to submit expert discovery schedule by June 2, 2021).  Therefore, the above third-party fact discovery can proceed parallel to, and will not interfere with, the transition to expert discovery.

**4.      Plaintiffs' Rule 30(b)(6) Deposition Notices**

On May 17, 2021, Plaintiffs issued deposition notices to Whole Foods Market Services, Inc. and Whole Foods Market Group Inc. pursuant to Federal Rule of Civil Procedure 30(b)(6).  Plaintiffs believe they can complete the two depositions prior to the close of discovery and will devote the necessary resources to completing these depositions within the current scheduling order. Nevertheless, Plaintiffs recognize that these depositions may require Whole Foods to produce more than witness to testify on the topics noticed, which may require an additional extension of discovery. To the extent that discovery is extended for the purpose of Whole Foods taking the news reporters depositions, Plaintiffs also request that discovery be extended for the limited purpose of completing the Rule 30(b)(6) depositions.

Whole Foods received Plaintiffs' deposition notice today at 4:30 PM central. Whole Foods has not had an opportunity to review and assess how many witnesses may be implicated.  Whole Foods will object to specific topics and issues promptly.  However, with respect to Plaintiffs' five document requests included with the deposition notice, Whole Foods objects to any such requests as untimely to the extent they are not covered

by previous requests.[1] Whole Foods does not object to the requested extension in general. However, pursuant to the Court's original order that all discovery should be coordinated to the extent possible, Whole Foods asserts that these depositions should be coordinated with the corporate representative depositions in *Molock*, to avoid unnecessarily duplicative discovery.

Respectfully submitted,

| KLAPROTH LAW PLLC | GREENBERG TRAURIG, LLP |
|---|---|
| /s/ Brendan J. Klaproth (by permission)<br>Brendan J. Klaproth (D.C. Bar No. 999360)<br>Jesse C. Klaproth (Bar No. PA 00063)<br>Klaproth Law PLLC<br>2141 Wisconsin Ave NW, Suite M3<br>Washington, DC 20007<br>Telephone: 202-618-2344<br>Email: Bklaproth@klaprothlaw.com<br>jklaproth@klaprothlaw.com<br><br>*Attorneys for Plaintiffs* | By: /s/ Gregory J. Casas<br>Gregory J. Casas<br>Bar No. 455329<br>300 West 6th Street, Suite 2050<br>Austin, Texas 78701<br>Telephone:  512.320.7238<br>Facsimile:  512.320.7210<br>Email: casasg@gtlaw.com<br><br>David Sellinger<br>Bar No. 282780<br>500 Campus Drive, Suite 400<br>Florham Park, New Jersey 07932<br>Telephone:  973.360.7900<br>Facsimile:  973.301.8410<br>Email:  sellingerd@gtlaw.com |

---

[1]      To the extent these document requests are duplicative of previous requests, Whole Foods has completed that production of documents, subject to its objections.  To the extent these document requests correspond to the discovery disputes currently pending before the Court, Whole Foods will produce documents consistent with the Court's order.

4

|  | **WHOLE FOODS MARKET SERVICES, INC.** |
|  | John H. Hempfling, II (*Pro Hac Vice*) |
|  | 828 West 6th Street, Suite 200 |
|  | Austin, TX 78703 |
|  | Telephone: 512.542.0213 |
|  | Facsimile: 512.482.7213 |
|  | Email: john.hempfling@wholefoods.com |
|  | |
|  | *Attorneys for Defendants Whole Foods Market Services, Inc. and Whole Foods Market Group, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service are being served this 17th day of May, 2021, via the Court's CM/ECF System.

By:   */s/ Gregory J. Casas*
      Gregory J. Casas

5

*ACTIVE 57567133v9*