# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR VASQUEZ, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., and WHOLE FOODS MARKET GROUP, INC.,<br><br>  Defendants. | Civil Action No. 1:17-cv-00112-APM |

**PLAINTIFF KATIA SADOUDI'S RESPONSES TO
DEFENDANTS' THIRD SET OF INTERROGATORIES**

Plaintiff, Katia Sadoudi, hereby answers the interrogatories propounded by Defendants Whole Foods Market Services, Inc. and Whole Foods Market Group, Inc. (collectively "Whole Foods" or "Defendants") in the above captioned case pursuant to Rule 33 of the Federal Rules of Civil Procedure.

The following responses are based upon facts and information known by Plaintiff at the time of responding to these Interrogatories and on the current status of the proceedings. Plaintiff reserves the right to supplement, modify and/or amend these responses and the "General" and "Specific" objections set forth herein, in accordance with the provisions of the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

1. The following responses are without in any way waiving or intending to waive:

    (a) All questions as to competency, relevancy, materiality, privilege and admissibility as evidence of these responses or their subject matter for any purpose in this or any other proceeding;

    (b) The right to object on any ground to the use of these responses or the subject matter thereof in this or any other proceeding;

1

(c) The right to object to any request or demand for further response to these or any other discovery requests involving or relating to the subject matter of the responses herein; and

(d) The right at any time to revise, correct, add to or modify any of these responses.

2. Plaintiff objects to these interrogatories to the extent they seek information protected by the attorney-client privilege or work product doctrine, as defined by statute, rule or common law.

3. Plaintiff objects to these interrogatories to the extent they attempt to impose an obligation to supplemental responses beyond that contained in the Rules of Civil Procedure.

4. Plaintiff objects to these interrogatories to the extent Defendant already possesses or has equal access to the information sought by these interrogatories.

5. Plaintiff objects to these interrogatories to the extent they attempt to expand the definition of terms to be substantially broader than the requirement of the Rules of Civil Procedure. Accordingly, Plaintiff's responses shall be limited to the requirements of the Rules of Civil Procedure.

6. Discovery in this case is not complete. Plaintiff accordingly reserves the right to supplement, change or modify these responses to Defendant's Interrogatories at any time.

7. Plaintiff objects to each of the interrogatories on the basis that the interrogatories are vague and ambiguous as the definitions of Reporter and News Outlet conflict. Plaintiff understands the interrogatories to be seeking information relating to communications with Reporters, and as defined, meaning any reporter affiliated with the Associated Press, ABC News, or the Washington Post.

Subject to and without waiving Plaintiff's General Objections, Plaintiff responds as follows:

### INTERROGATORIES

1. Did you ever communicate, orally, in writing, by email, or by text with any Reporter with any News Outlet regarding your termination?

RESPONSE: No.

2. If Your answer to Interrogatory No. 1 is anything but an unqualified denial, Identify the Reporter You communicated with and for what News Outlet that Reporter worked?

RESPONSE: Not applicable.

3. Did you contact Matthew Barakat at the Associated Press, orally, in writing, by email,

2

or by text, regarding your termination?

RESPONSE: No.

4. Did you contact Justin Moyer at the Washington Post, orally, in writing, by email, or by text, regarding your termination?

RESPONSE: No.

5. Identify any person, other than Brooke Buchanan, who You know, suspect, or have reason to believe contacted a Reporter, including Matthew Barakat or Justin Moyer, regarding your termination.

RESPONSE: None.

6. If your answer to Interrogatories 3, 4, or 5 is anything other than an unqualified denial, for each such interrogatory, identify the person who initiated the contact.

RESPONSE: Not applicable.

7. If your answer to Interrogatories 3, 4, or 5 is anything other than an unqualified denial, for each such interrogatory, please explain everything the Person said to the Reporter, and everything the Reporter said to the Person.

RESPONSE: Not applicable.

8. If You initiated the contact with a Reporter at any News Outlet, including Matthew Barakat or Justin Moyer, for each such Reporter, explain why you initiated the contact.

RESPONSE: Not applicable.

## VERIFICATION

I, Katia Sadoudi, have read Plaintiff's Objections and Responses to the First Set of Interrogatories propounded by Defendants and know the contents thereof. Based on my own personal knowledge and on information provided to me, the facts provided herein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/20/2021

*Katia Sadoudi*
Katia Sadoudi (May 24, 2021 12:34 EDT)

Katia Sadoudi

AS TO OBJECTIONS:

/s/ Brendan J. Klaproth
Brendan J. Klaproth

4

# Sadoudi Answers to Defs Third Set of Interrogatories to Plaintiffs

Final Audit Report                                                          2021-05-24

| | |
|---|---|
| Created: | 2021-05-24 |
| By: | Brendan Klaproth (brendan.klaproth@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA09IZbcQn9nmmeJWoeUPAc_EJuurh15Nv |

## "Sadoudi Answers to Defs Third Set of Interrogatories to Plaintiffs" History

- 📄 Document created by Brendan Klaproth (brendan.klaproth@gmail.com)
  2021-05-24 - 3:55:59 PM GMT- IP address: 96.83.127.145

- ✉️ Document emailed to Katia Sadoudi (katiagate@gmail.com) for signature
  2021-05-24 - 3:56:19 PM GMT

- 📄 Email viewed by Katia Sadoudi (katiagate@gmail.com)
  2021-05-24 - 4:24:38 PM GMT- IP address: 66.102.8.23

- ✍️ Document e-signed by Katia Sadoudi (katiagate@gmail.com)
  Signature Date: 2021-05-24 - 4:34:50 PM GMT - Time Source: server- IP address: 173.66.122.12

- ✅ Agreement completed.
  2021-05-24 - 4:34:50 PM GMT

**Adobe Sign**