## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

VICTOR VASQUEZ, et al.,

            Plaintiffs,

    v.

WHOLE FOODS MARKET SERVICES,
INC., WHOLE FOODS MARKET GROUP,
INC.,

            Defendants.

Case No. 1:17-cv-00112-APM

## FOURTEENTH JOINT STATUS REPORT

In accordance with the Court's Scheduling Order, the parties jointly submit the following Fourteenth Joint Status Report. A Status Conference is set for Tuesday, September 14, 2021 at 11:00 AM. The Parties provide the below summary of issues raised at the last status conference.

**1.      The Parties have fully briefed four discovery disputes.**

Per the Parties' agreed briefing schedule, the Parties have each submitted opening briefs and response briefs on four separate discovery disputes. First, the Parties in this case and *Molock* have fully briefed the issue of the extent to which statements, inferences, or arguments can or cannot be raised regarding Timekeeper Transaction Forms (TTFs) that have not been located. *See* [Dkts. 113–14, 119–20]. Second, the Parties in this case have fully briefed Plaintiffs' Motion to Compel production of documents relating to Whole Foods' attorneys' fees. *See* [Dkts. 111–12, 118, 121]. Third, the Parties in this case have fully briefed Plaintiffs' Motion to Compel Production of Documents Relating to Whole Foods' Investigation into Gainsharing *See* [Dkts. 128, 129, 132, 134]. Fourth, the Parties

1

in this case and *Molock* have fully briefed Plaintiff's Motion to Compel (and Whole Foods'

Motion for Protective Order) for production of documents and deposition relating to work

performed by Anthony Campanelli and Deloitte on behalf of Whole Foods [Dkts. 138, 140,

145, 148].

Those issues are now ripe for the Court's consideration.

**2.     The parties have fully briefed the issue regarding the deposition of third-party Matthew Barakat.**

Whole Foods seeks to take the deposition on written questions of Matthew Barakat,

the reporter for the Associated Press, and has subpoenaed him for that purpose. Mr. Barakat

has moved to quash the subpoena, and he and the parties have fully briefed this issue [Dkts.

142, 156, 157, 160].  That issue is now ripe for the Court's consideration.

**3.     Whole Foods requests a 30-day extension on expert discovery.**

A.     ***Whole Foods' Position***

On August 19, 2021, the Court entered a Minute Order outlining the schedule for

expert discovery on liability in this case.  Under that Scheduling Order, Whole Foods'

experts are required to produce their reports on or before October 4, 2021, with their

depositions to take place within a month of those reports.

Whole Foods requests a brief 30-day extension of the deadline to produce its expert

reports, up to and including November 3, 2021, with a corresponding 30-day extension of

the deadline for depositions of Whole Foods' experts.  Whole Foods has retained two

testifying experts,[1] one of whom is working diligently to complete the analysis of the issues

---

[1]     At this time, and subject to the Court's ruling on the outstanding discovery dispute regarding the work performed by Anthony  Campanelli and Deloitte (see item no. 1 above),

2

on which that expert will be opining and the other of whom has just been retained and is about to begin work on his report.

Given the volume of evidence to review and the complexity of issues involved, Whole Foods' experts need an additional thirty days to synthesize this information prior to drafting and submitting their reports.

Throughout the fact discovery period, Whole Foods has expended an enormous amount of time and resources providing discovery to plaintiffs in this case and in *Molock* in response to their requests.  Those efforts continued until the fact discovery cut-off date on July 30.  Throughout the discovery period, Whole Foods has consistently agreed to Plaintiffs' repeated requests for additional time to complete their discovery.  Here, Whole Foods is asking for a reciprocal short extension.

In addition, Plaintiffs' assertion that expert testimony is not necessary because they are raising a two-count defamation/false-light claim is belied by the scope of discovery Plaintiffs have demanded to support that claim.  Plaintiffs have repeatedly asserted that they need discovery to establish a nationwide practice of improper labor transfers. Contrary to Plaintiffs' argument, Whole Foods' expert who has been working on his analysis is expected to provide testimony that goes to rebutting Plaintiffs' argument  at the heart of their claim that there was a nationwide practice of improper labor-shifting at Whole Foods, and to whether Plaintiffs' proof of that alleged nationwide practice is sufficient. Given that each of the 9 Plaintiffs are seeking $5 million in actual damages and $20 million in punitive damages (totaling $225 million in claimed injuries), this limited 30-day

---

Whole Foods does not intend to designate Mr. Campanelli or any other Deloitte employee as a liability expert in *Vasquez*.

3

extension for expert discovery on liability is more than reasonable based on the scope of Plaintiffs' claims.

Whole Foods respectfully submits that providing for that sixty-day period after the conclusion of fact discovery would be fair and reasonable.[2]

Therefore, Whole Foods respectfully requests that the Court enter a new order extending the deadline for Whole Foods to submit its experts' reports to November 3, 2021, and allowing Plaintiffs to depose Whole Foods' experts by December 3, 2021.

B.    ***Plaintiffs' Position:***

Plaintiffs consent to Whole Foods' request for a thirty (30) day extension as a courtesy. As Plaintiffs expressed in the previous Joint Status Report [ECF No. 159 at 1-3], Plaintiffs do not believe expert testimony is applicable to any issue in this case and are concerned about any further delays caused by expert disclosures and/or discovery. Accordingly, Plaintiffs also request a trial date, summary judgment briefing schedule, and that the case be referred to mediation before a magistrate.

---

[2]    In addition, depending on the Court's ruling with respect to the discovery relating to Mr. Campanelli's deposition, it is possible that Whole Foods may require a limited amount of additional time to complete its expert's report.

*ACTIVE 59950414v10*

Respectfully submitted,

**KLAPROTH LAW PLLC**

*/s/ Brendan J. Klaproth* (by permission)
Brendan J. Klaproth (D.C. Bar No. 999360)
Jesse C. Klaproth (Bar No. PA 00063)
Klaproth Law PLLC
2141 Wisconsin Ave NW, Suite M3
Washington, DC 20007
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
jklaproth@klaprothlaw.com

*Attorneys for Plaintiffs*

**GREENBERG TRAURIG, LLP**

By: */s/ Gregory J. Casas*
     Gregory J. Casas
     Bar No. 455329
     300 West 6th Street, Suite 2050
     Austin, Texas 78701
     Telephone:  512.320.7238
     Facsimile:  512.320.7210
     Email: casasg@gtlaw.com

     David Sellinger
     Bar No. 282780
     500 Campus Drive, Suite 400
     Florham Park, New Jersey 07932
     Telephone:  973.360.7900
     Facsimile:  973.301.8410
     Email:  sellingerd@gtlaw.com

**WHOLE FOODS MARKET SERVICES, INC.**
     John H. Hempfling, II (*Pro Hac Vice*)
     828 West 6th Street, Suite 200
     Austin, TX 78703
     Telephone:  512.542.0213
     Facsimile:  512.482.7213
Email:  john.hempfling@wholefoods.com

*Attorneys for Defendants Whole Foods Market Services, Inc. and Whole Foods Market Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service are being served this 10th day of September, 2021, via the Court's CM/ECF System.

By:     */s/ Gregory J. Casas*
         Gregory J. Casas

5

*ACTIVE 59950414v10*