UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR VASQUEZ, et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>WHOLE FOODS MARKET SERVICES, INC., WHOLE FOODS MARKET GROUP, INC.,<br><br>              Defendants. | Case No. 1:17-cv-00112-APM |

**JOINT MOTION FOR EXTENSION OF FACT AND EXPERT DISCOVERY**

Pursuant to the Court's instructions at the September 14, 2021 hearing, the Parties jointly submit a proposed schedule for extending the fact-discovery schedule to allow additional time to complete the deposition of Whole Foods' corporate representative. The current schedule for discovery is set forth in the Ninth Revised Scheduling Order [Dkt. 127] and the Court's August 19, 2021 Minute Order. Under the current scheduling order, expert discovery was set to begin on October 4, 2021.

As Whole Foods explained in the most recent Joint Status Report, Whole Foods requested an extension of the expert-discovery schedule in order to afford its newly-retained experts on liability sufficient time to complete their expert reports. *See* Fourteenth Jt. Status Report [Dkt. 161] at 2–3. Furthermore, as Whole Foods explained at the September 14, 2021 hearing, the employee who Whole Foods previously designated as its witness for its corporate-representative deposition has informed Whole Foods that he is voluntarily resigning at the end of September. Therefore, Whole Foods has changed its corporate-representative witness to Scott Allshouse. The Parties in this case and *Molock*

1

have conferred, and confirmed that Mr. Allshouse deposition will occur on December 8 and 9, 2021. The Parties in this case and *Molock* have further conferred and confirmed that they can be available for a post-fact discovery status conference any day during the week of December 13, 2021, or January 10 or January 17, 2022.

With this background in mind, the Parties request that schedule for completing fact discovery and expert discovery schedule be amended to permit the Parties to complete this corporate-representative deposition and for Whole Foods to complete its expert reports. Therefore, the Parties request that the expert-discovery schedule be amended as follows:

H. **Fact-Witness Depositions:** With the exception of the deposition of Whole Foods' corporate representative, all depositions of fact witnesses shall be completed by **July 30, 2021**. The deposition of Whole Foods' corporate representative shall be completed by **December 9, 2021**.

Defendants may take up to 15 depositions of fact witnesses. Plaintiffs may take up to 15 depositions of fact witnesses. Additional deposition may only take place upon leave of the Court.

I. **Fact Discovery Deadline:** With the exception of the deposition of Whole Foods' corporate representative, fact discovery shall conclude on **July 30, 2021.** The deposition of Whole Foods' corporate representative shall be completed by **December 9, 2021.**

**Any Party seeking additional discovery beyond those limits must seek leave of the Court and show good cause. Any additional discovery extensions are strongly disfavored by the Court.**

J. **Expert Discovery:** Whole Foods shall serve its expert report(s), consistent with Rule 26(a)(2), on or before November 19, 2021.[1] Plaintiffs shall depose Whole Foods' expert(s) on or before **December 20, 2022**.

Any expert discovery concerning damages shall occur after the court rules on a party's motion for summary judgment, if any, as to liability.

---

[1] In the Fourteenth Joint Status Report, Whole Foods previously requested to extend this deadline to November 3, 2021. However, Whole Foods has subsequently learned that one of its newly-retained experts is addressing family medical issues that will delay beginning of their work on this matter. Therefore, Whole Foods requests—and Plaintiffs do not oppose—an additional two weeks for completing expert reports.

2

K.      A Post-Discovery Status Conference is set for _____ \_\_, 2022, at \_\_:\_\_ \_.**M.** in Courtroom 10.

**The parties may not extend by stipulation the deadline for the Status Conference and corresponding Joint Status Report, the fact and expert discovery deadlines, or the Post-Discovery Conference. Instead, the parties must seek an extension by motion. A motion to extend any of those three deadlines shall indicate whether any previous extensions were requested.**

**The parties may modify all other interim deadlines by stipulation. If the parties cannot agree to a schedule modification, then the party seeking additional time must file a motion and show good cause for the modification.**

**<u>The parties are advised that any further extensions of the above deadlines will be strongly disfavored.</u>**

L.      **Trial:**  Trial in this matter is set to begin on **November 2, 2022** and conclude by **November 18, 2022**.  The Parties shall complete all pretrial matters, including a Pretrial Conference, under the Local Rules.

The Parties request the above extension not for purposes of delay, but to afford the Parties sufficient time to conduct expert discovery after all fact discovery—including the pending discovery disputes and the upcoming deposition of Whole Foods' corporate witness—has been completed.  The Parties have attached a joint proposed order reflecting the above proposed schedule.  The Parties hereby request that the Court enter the proposed order and grant the Parties any further relief to which they may be entitled.

*ACTIVE 60097015v4*

Respectfully submitted,

| **KLAPROTH LAW PLLC** | **GREENBERG TRAURIG, LLP** |
|---|---|
| */s/ Brendan J. Klaproth*<br>Brendan J. Klaproth (D.C. Bar No. 999360)<br>Jesse C. Klaproth (Bar No. PA 00063)<br>Klaproth Law PLLC<br>2141 Wisconsin Ave NW, Suite M3<br>Washington, DC 20007<br>Telephone: 202-618-2344<br>Email: Bklaproth@klaprothlaw.com<br>jklaproth@klaprothlaw.com<br><br>*Attorneys for Plaintiffs* | By: */s/ Gregory J. Casas* (by permission)<br>    Gregory J. Casas<br>    Bar No. 455329<br>    300 West 6th Street, Suite 2050<br>    Austin, Texas 78701<br>    Telephone:  512.320.7238<br>    Facsimile:  512.320.7210<br>    Email: casasg@gtlaw.com<br><br>    David Sellinger<br>    Bar No. 282780<br>    500 Campus Drive, Suite 400<br>    Florham Park, New Jersey 07932<br>    Telephone:  973.360.7900<br>    Facsimile:  973.301.8410<br>    Email:  sellingerd@gtlaw.com<br><br>**WHOLE FOODS MARKET SERVICES, INC.**<br>    John H. Hempfling, II (*Pro Hac Vice*)<br>    828 West 6th Street, Suite 200<br>    Austin, TX 78703<br>    Telephone:  512.542.0213<br>    Facsimile:  512.482.7213<br>Email: john.hempfling@wholefoods.com<br><br>*Attorneys for Defendants Whole Foods Market Services, Inc. and Whole Foods Market Group, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service are being served this 17th day of September, 2021, via the Court's CM/ECF System.

By:  */s/ Brendan J. Klaproth*
      Brendan J. Klaproth

*ACTIVE 60097015v4*