UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR VASQUEZ, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>WHOLE FOODS MARKET SERVICES, INC., WHOLE FOODS MARKET GROUP, INC.,<br><br>            Defendants. | Case No. 1:17-cv-00112-APM |

**[PROPOSED] TENTH REVISED SCHEDULING ORDER**

The Court previously entered a Ninth Revised Scheduling Order on May 24, 2021, ECF No. 127. Pursuant to the Parties' representations during the September 14, 2021 status conference, the Court orders certain revisions to its previous scheduling order, as described, below.

The Court amends section II of its September 22, 2020, Order as follows:

II.    Scheduling

The Court shall conduct a post-fact discovery conference to determine the status of discovery.  The next status conference in this matter shall take place on January _, 2021 at _:__ _.M. and shall be a telephonic conference.  The parties shall submit a Joint Status Report that summarizes the status of discovery, identifies any discovery disputes to be resolved at the conference, and proposes a date for subsequent status conference by January _, 2021.  The remaining schedule is as follows:

   H.    **Fact-Witness Depositions:** With the exception of the deposition of Whole Foods' corporate representative, all depositions of fact witnesses shall be

1

completed by **July 30, 2021**. The deposition of Whole Foods' corporate representative shall be completed by **December 9, 2021**.

Defendants may take up to 15 depositions of fact witnesses. Plaintiffs may take up to 15 depositions of fact witnesses. Additional deposition may only take place upon leave of the Court.

I. **Fact Discovery Deadline:** With the exception of the deposition of Whole Foods' corporate representative, fact discovery shall conclude on **July 30, 2021.** The deposition of Whole Foods' corporate representative shall be completed by **December 9, 2021.**

**Any Party seeking additional discovery beyond those limits must seek leave of the Court and show good cause. Any additional discovery extensions are strongly disfavored by the Court.**

J. **Expert Discovery:** Whole Foods shall serve its expert report(s), consistent with Rule 26(a)(2), on or before November 19, 2021. Plaintiffs shall depose Whole Foods' expert(s) on or before **December 20, 2022**.

Any expert discovery concerning damages shall occur after the court rules on a party's motion for summary judgment, if any, as to liability.

K. A Post-Discovery Status Conference is set for _____ \_\_, 2022, at \_\_:\_\_ \_.**M.** in Courtroom 10.

**The parties may not extend by stipulation the deadline for the Status Conference and corresponding Joint Status Report, the fact and expert discovery deadlines, or the Post-Discovery Conference. Instead, the parties must seek an extension by motion. A motion to extend any of those three deadlines shall indicate whether any previous extensions were requested.**

**The parties may modify all other interim deadlines by stipulation. If the parties cannot agree to a schedule modification, then the party seeking additional time must file a motion and show good cause for the modification.**

**The parties are advised that any further extensions of the above deadlines will be strongly disfavored.**

L. **Trial:** Trial in this matter is set to begin on **November 2, 2022** and conclude by **November 18, 2022**. The Parties shall complete all pretrial matters, including a Pretrial Conference, under the Local Rules.

Dated: September \_\_\_, 2021               _____
                                           Amit P. Mehta
                                           United States District Judge


**APPROVED AS TO FORM**

| **KLAPROTH LAW PLLC** | **GREENBERG TRAURIG, LLP** |
|---|---|
| */s/ Brendan J. Klaproth*<br>Brendan J. Klaproth (D.C. Bar No. 999360)<br>Jesse C. Klaproth (Bar No. PA 00063)<br>Klaproth Law PLLC<br>406 5th Street NW, Suite 350<br>Washington, DC 20006<br>Telephone: 202-618-2344<br>Email:         Bklaproth@klaprothlaw.com<br>jklaproth@klaprothlaw.com<br><br>*Attorneys for Plaintiffs* | By: */s/ Gregory J. Casas* (by permission)<br>    Gregory J. Casas<br>    Bar No. 455329<br>    300 West 6th Street, Suite 2050<br>    Austin, Texas 78701<br>    Email:  casasg@gtlaw.com<br>    Telephone:  512.320.7200<br>    Facsimile:  512.320.7210<br><br>    David Sellinger<br>    Bar No. 282780<br>    500 Campus Drive, Suite 400<br>    Florham Park, New Jersey 07932<br>    Email:  sellingerd@gtlaw.com<br>    Telephone:  973.360.7900<br>    Facsimile:  973.301.8410<br><br>**WHOLE FOODS MARKET SERVICES, INC.**<br><br>John H. Hempfling, II<br>(Admitted *Pro Hac Vice*)<br>Vice President, Associate General<br>Counsel, Litigation<br>828 West 6th Street, Suite 200<br>Austin, TX 78703<br>Email: john.hempfling@wholefoods.com<br>Telephone:  512.542.0213<br>Facsimile:  512.482.7213<br><br>*Attorneys for Defendants Whole Foods Market Services, Inc. and Whole Foods Market Group, Inc.* |